J-S23020-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                 :            PENNSYLVANIA
                                                 :
                  v.                               :
                                                 :
                                                   :
SEAN DUFFY CONOVER                   : 
                                                   :
                       Appellant             :     No. 2374 EDA 2019

Appeal from the Judgment of Sentence Entered July 23, 2019
In the Court of Common Pleas of Chester County Criminal Division at
No(s): CP-15-CR-0003475-2017

BEFORE: NICHOLS, J., McCAFFERY, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McCAFFERY, J.:                **FILED JUNE 03, 2020**

Sean Duffy Conover (Appellant) appeals from the judgment of sentence entered in the Chester County Court of Common Pleas following his non-jury, stipulated-fact trial convictions of two counts of possession of a controlled substance with intent to deliver (PWID).[1] Appellant avers the trial court erred in denying his pre-trial motion to suppress physical evidence based on the Pennsylvania State Police's violation of the knock and announce rule during the execution of a search warrant. We affirm.

The suppression court summarized the facts as follows:

> On October 2, 2017, the Pennsylvania State Police were notified by the Department of Homeland Security that U.S. Customs and Border Protection had seized a parcel entering the United States that contained 306 grams of 3,4-Methylenedioxymethamphetamine (MDMA), a Schedule I narcotic commonly known as "ecstasy" or "molly." The package was

---

[1] 35 P.S. § 780-113(a)(30).

addressed to [Appellant], and had a return label indicating it had originated in Düsseldorf, Germany. On October 3, 2017, the Pennsylvania State Police obtained an anticipatory search warrant for [Appellant's] residence [ ] which would provide valid authority for police to enter and search that location only if the parcel was delivered to and was taken into the residence. The package was transferred to the Pennsylvania State Police, and the majority of the controlled substance in the parcel was seized and removed. A small amount, of MDMA, referred to as the "representative sample," was left in the package for the purpose of a "controlled delivery," a law enforcement tactic in which an officer poses as a courier and delivers a previously intercepted package of contraband.

The following day, October 4, 2017, a team of close to fifteen (15) law enforcement officers from multiple state and federal agencies arrived at [Appellant's] residence to execute the warrant. The "controlled delivery" was performed by Trooper [Jen] Ruhl, who left the package on the doorstep of the residence between 10 and 11 a.m. [Appellant] thereafter opened the front door and brought the package into the house at approximately 11 a.m. Approximately five (5) minutes later, the law enforcement agents moved to enter the house, with some "stacked up" to enter the front door and others covering the rear exits. PSP Sergeant Wysocki[2] handled the battering ram, while Trooper Jason Trupp was responsible for conducting the "knock and announce." Trooper Trupp testified at the [suppression] hearing on November 9, 2018 that he knocked on the door and said "state police, search warrant." When there was no answer, he waited approximately five seconds, and knocked and announced again. This process was repeated four or five times, which took a total of approximately twenty to thirty seconds. After there was no response or detectable movement inside the residence, Sergeant Wysocki used the ram to force open the door[. Appellant] was located inside the residence and taken into custody. The package was discovered torn open on a bathroom floor, along with the representative sample contained therein and [Appellant's] shoes[.] Police also recovered other various controlled substances and drug paraphernalia from the residence, as well as a Mossberg Model 88 shotgun.

---

[2] The record does not indicate Sergeant Wysocki's first name.

Order, 12/20/18, at 2 n.1.

Appellant was arrested and charged with numerous offenses. On April 6, 2018, Appellant filed an omnibus pre-trial motion seeking suppression of the evidence seized from his residence, based on the alleged improper "knock and announce," and the statement he made to police after his arrest. The trial court conducted a suppression hearing on November 9, 2018. Trooper Trupp testified about the circumstances surrounding this knock and announce:

> [Commonwealth:] Before you said state police, search warrant, had you knocked, or did you say that before knocking, or how did that process begin?
>
> [Trooper Trupp:] I think generally I knock at least three times and I say state police, search warrant, and then I usually give it, oh, I don't know, a couple seconds, and then I knock and announce again [sic].
>
> Q. How many times did you knock during your time at the front door?
>
> A. It was probably four to five times of three knocks.
>
> Q. And each of those four to five times, was the pattern three knocks and then state police, search warrant, or how did that go?
>
> A. Yes. It's generally I go — I knock three times and I say state police, search warrant, give it a break, and then I'll knock again —
>
> THE COURT: I'm sorry. What was the last thing again?
>
>                         *    *    *
>
> [Trooper Trupp:] Break. I'll knock and then I'll say state police, search warrant, and then there'll be a —
>
> THE COURT: Okay.

[Trooper Trupp:] — break or a pause in time, and then I'll knock again and say state police, search warrant.

[Commonwealth:] How long are these breaks?

[Trooper Trupp:] Maybe a couple of seconds.

Q. Meaning under five, more than five?

A. About five seconds.

Q. Approximately how long were you at the front door?

A. Oh, at the front door while we knocked and announced, probably about 20 to 30 seconds total.

N.T. Suppression H'rg, 11/9/18, at 18-20.

Without objection from the Commonwealth, the trial court granted Appellant's motion in part by suppressing the statements he made after his arrest. However, the court denied the motion in part by allowing the evidence recovered from the search and seizure of his residence. Order, 12/20/18.

This matter proceeded to a non-jury trial on April 18, 2019, on two counts of PWID. The parties stipulated as to what testimony the Commonwealth's witnesses would give if called to testify. N.T. Trial, 4/18/19, at 3, 12. Appellant did not testify or present any evidence. The trial court found him guilty of two counts of PWID.[3] On July 23, 2019, the trial court

_____

[3] One count of PWID related to 24.80 grams of MDMA, and the second count related to 26.95 grams of "GHB." N.T., 4/18/19, at 12-13.

sentenced Appellant to an aggregate term of 11½ to 23 months' incarceration, to be followed by two years' probation.

On August 12, 2019, Appellant filed a timely *pro se* notice of appeal.[4] On August 21st, the trial court directed Appellant to file a Pa.R.A.P. 1925(b) concise statement of the errors complained of on appeal. Appellant's trial counsel filed a motion for leave to withdraw, which sought appointment of appellate counsel on Appellant's behalf, as well as an extension of time for new counsel to file a Rule 1925(b) statement. On September 5th, the trial court appointed current counsel, who then timely filed a Rule 1925(b) statement on November 4th.

> Appellant presents one issue for our review:
>
> Did the trial court err in denying Appellant's motion for suppression of physical evidence based on the violation of the knock and announce rule during execution of the search warrant thereby violating Appellant's rights under the Fourth and Fourteenth Amendments and Article I Section 8 of the Pennsylvania Constitution?

---

[4] **See** Pa.R.Crim.P. 576(A)(4) (if represented criminal defendant submits for filing notice of appeal that has not been signed his attorney, clerk of courts shall accept it for filing, and copy of time-stamped document shall be forwarded to defendant's attorney and Commonwealth within 10 days); Superior Ct. O.P. § 65.24 (*pro se* notice of appeal received from trial court shall be docketed, even where appellant is represented by counsel); **Commonwealth v. Wooden**, 215 A.3d 997, 1000 (Pa. Super. 2019) (although defendant's attorney remained as counsel of record, it was proper for trial court clerk and Superior Court's Prothonotary to docket defendant's *pro se* notice of appeal).

Appellant's Brief at 5. Appellant avers the Pennsylvania State Police violated his constitutional rights by not conducting a reasonable knock and announce. Appellant claims police failed to wait a reasonable amount of time after announcing their presence and before forcibly entering his residence to effectuate the search warrant. Appellant also points out that at the suppression hearing, Trooper Trupp conceded there were no exigent circumstances that would have allowed police to enter the home immediately. Appellant's Brief at 27, *citing* N.T., 11/9/18, at 20.[5] No relief is due.

Our standard of review for the denial of a suppression motion is well-established:

> [An appellate court's] standard of review in addressing a challenge to the denial of a suppression motion is limited to determining whether the suppression court's factual findings are supported by the record and whether the legal conclusions drawn from those facts are correct. Because the Commonwealth prevailed before the suppression court, we may consider only the evidence of the Commonwealth and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the suppression court's factual findings are supported by the record, [the appellate court is] bound by [those]

---

[5] At the suppression hearing, the Commonwealth conceded there were no exigent circumstances:

> The Commonwealth here is not arguing that there was an exigent circumstance. In fact, Trooper Trupp, when pushed, frankly said I didn't see anyone stirring in the house, I didn't see anyone doing this or doing that, in fact, I had no reason to believe there was exigent circumstances. He said that himself, so we're not arguing that.

N.T. 11/9/18, at 39.

findings and may reverse only if the court's legal conclusions are erroneous. . . .

***Commonwealth v. Smith***, 164 A.3d 1255, 1257 (Pa. Super. 2017) (citation omitted).

Pennsylvania's knock and announce procedures are governed by Pa.R.Crim.P. 207:

> (A) A law enforcement officer executing a search warrant shall, before entry, give, or make reasonable effort to give, notice of the officer's identity, authority, and purpose to any occupant of the premises specified in the warrant, unless exigent circumstances require the officer's immediate forcible entry.
>
> (B) Such officer shall await a response for a reasonable period of time after this announcement of identity, authority, and purpose, unless exigent circumstances require the officer's immediate forcible entry.
>
> (C) If the officer is not admitted after such reasonable period, the officer may forcibly enter the premises and may use as much physical force to effect entry therein as is necessary to execute the search.

Pa.R.Crim.P. 207(A)-(C). This Court has stated:

> "The purpose of the 'knock and announce' rule is to prevent violence and physical injury to the police and occupants, to protect an occupant's privacy expectation against the unauthorized entry of unknown persons, and to prevent property damage resulting from forced entry." The purpose of the rule may be achieved only through police officers' full compliance. Indeed, our Supreme Court has held that "in the absence of exigent circumstances, forcible entry without announcement of [identity, authority] and purpose violates Article I, Section 8 of the Pennsylvania Constitution, which proscribes unreasonable searches and seizures." Our Supreme Court has determined that "the remedy for noncompliance with the knock and announce rule **is always suppression**."

During a suppression hearing, the Commonwealth bears the burden of proving that the police seized evidence without violating defendant's constitutional rights. "The Commonwealth can satisfy its burden by establishing either that the police complied with the knock and announce rule or that the circumstances satisfied an exception."

***Commonwealth v. Frederick***, 124 A.3d 748, 755 (Pa. Super. 2015)

(citations and some emphasis omitted).

The trial court explained the factual and legal rationale for denying, in part, Appellant's motion to suppress:

In this case, Trooper Trupp first complied with Pa.R.Crim.P. 207(A) by knocking on the door of [Appellant's] residence, identifying himself as the state police, and stating that they were present to serve a search warrant. After this first knock and announce, he waited approximately five seconds, and when there was no response, he knocked and announced again. This process was repeated four or five times, and according to the trooper it took between twenty to thirty seconds. Trooper Trupp's serial knocking and announcing gave [Appellant], or any other occupant of the residence, repeated notice that the police were present to serve a search warrant. Police forced entry only after failing to receive any response; or perceiving any activity in the residence, after knocking on the front door and announcing "state police, search warrant" no less than four times. We find that this was a "reasonable period of time" before making entry pursuant to Rule 207. Moreover, the search warrant was served at approximately 11:00 a.m., distinguishing this case from a potential scenario where a warrant is served early in the morning or late at night, a time when the occupant may not be able to simply proceed directly to the door due to being asleep or undressed.

We are unpersuaded by [Appellant's] argument that service of the warrant was unreasonable due to the police allegedly "planning" to take down the door and break into the house. Police have the right to be prepared to make a forced entry into a place upon which they are serving a lawful search warrant, including being equipped with a battering ram. There is no evidence that police were intending to break into the house regardless of any answer to the knock and announce, and they fully complied with

- 8 -

the requirements of Rule 207. Counsel for [Appellant] also invited the court's attention to an August 20, 2018 order . . . in **Commonwealth v.** . . . **Muse**, CR-4247-17, granting a motion to suppress filed by counsel for another client based on a violation of the "knock and announce" rule. However, the facts in **Muse** are distinct from those before us in this case. The Commonwealth in **Muse** alleged that there were exigent circumstances that voided the usual knock and announce requirements, while in this case the Commonwealth is not arguing exigency. Likewise, the police in **Muse** forced entry with a battering ram a mere one to five seconds after they knocked and announced, while in this case the police knocked and announced multiple times and only forced entry after no response was received after twenty to thirty seconds.

Order, 12/20/18, at 3-4 n.1.

Our review of the record supports the suppression court's findings of fact, as well as its conclusion that the Commonwealth established the evidence was not obtained in violation of Appellant's rights. **See Smith**, 164 A.3d at 1257. Appellant's argument would require this Court to reweigh Trooper Trupp's testimony and supplant the trial court's credibility findings with our own; this we cannot do. **See id.**

In conclusion, we do not disturb the trial court's finding that the Pennsylvania State Police waited a reasonable amount of time after knocking and announcing their presence before entering the home.

Judgment of sentence affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


*Date: 6/3/2020*